STATE v. REUBEN GUTHRIE, WILLIAM BELL AND BENNIE GARNER.

(Filed 28 September, 1927.)

APPEAL by William Bell from *Cranmer, J.,* and a jury, at March Term, 1927, of CARTERET. Reversed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*S. H. Newberry for defendant, William Bell.*

PER CURIAM. From a careful reading of the record in this action we are of the opinion that the evidence was not sufficient to be submitted to the jury. The judgment in the court below is
Reversed.

---

STATE v. DAVID MINTZ AND HERBERT ANDREWS.

(Filed 5 October, 1927.)

APPEAL by defendants from *Sinclair, J.,* at March Term, 1927, of ONSLOW. Indictment for larceny of a motor car.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Summersill & Summersill for defendants.*

PER CURIAM. The defendants excepted to the verdict and judgment. The verdict was warranted by the evidence and the judgment is in due form.
No error.

---

JAMES MANN ET AL. v. H. J. KENNEDY, TRADING AS C. H. FOWLER & Co.

(Filed 5 October, 1927.)

APPEAL by defendant from *Cranmer, J.,* at May Term, 1927, of PAMLICO.
Civil action by one mortgagor and the representatives of another to recover of the mortgagee the excess for which the mortgaged premises, when sold under foreclosure, brought over and above the mortgage debt.

STATE *v.* PRIDGEN.

Upon the facts found by his Honor, by consent sitting as both judge and jury, judgment was entered for the plaintiffs. Defendant appeals, assigning errors.

*F. C. Brinson for plaintiffs.*
*Z. V. Rawls and Ward & Ward for defendant.*

PER CURIAM. Out of a confused record one fact at least seems clear, to wit, that no reversible error has been made to appear. The rights of the parties are dependent upon the facts, which have been found against the defendant.

No error.

---

STATE v. JAMES H. PRIDGEN.

(Filed 5 October, 1927.)

APPEAL by defendant from *Cranmer, J.,* at June Term, 1927, of GREENE. No error.

Defendant was convicted in the county court of Greene County upon a warrant charging that he had violated the prohibition law. From judgment upon his conviction he appealed to the Superior Court.

Upon his trial in the Superior Court there was a verdict of guilty. From judgment upon the verdict defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*J. Paul Frizzelle and Luke Lamb for defendant.*

PER CURIAM. There was no error in the refusal of the court to dismiss the action, upon defendant's motion, at the close of the evidence. C. S., 4643. The evidence was properly submitted to the jury; it is sufficient as a matter of law to support the verdict.

Two of the State's witnesses, after defendant had testified as a witness in his own behalf, as shown by the record, in response to questions as to his general character, testified that they heard that defendant is a notorious blind tiger. Defendant objected to these statements of the witnesses. No motion, however, was made to strike them from the record.

A reasonable interpretation of the record shows that each of the witnesses had qualified as a character witness before he testified that he